NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-207

ENTERPRISE TE PRODUCTS PIPELINE CO., LLC

VERSUS

ROSALYN MARIE DAVIS PATIN AVILA, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 81843
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion and D. Kent Savoie, Judges.

THIBODEAUX, Chief Judge, and SAVOIE, Judge, concur in the result.

AFFIRMED AS AMENDED.

**Archie Paul Joseph**
**Attorney at Law**
**P. O. Box 1283**
**Breaux Bridge, LA 70517**
**(337) 332-5287**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Donna Mallery**

**Cheryl M. Kornick**
**Liskow & Lewis**
**One Shell Square**
**701 Poydras St., Suite 5000**
**New Orleans, LA 70139**
**(504) 581-7979**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Enterprise TE Products Pipeline Co.LLC**

**Marie Merline Price**
**In Proper Person**
**922 S. Theatre St.**
**St. Martinville, LA 70582**
**(337) 380-6014**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Marie Merline Price**

**Murphy J. Price, Jr.**
**In Proper Person**
**1084 Belle Terre Drive**
**St. Martinville, LA 70582**
**(000) 000-0000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Murphy J. Price, Jr.**

**GREMILLION, Judge.**

In this expropriation suit, the plaintiff/appellant, Enterprise TE Products Pipeline Company, LLC (Enterprise), appeals the judgment of the trial court that fixed a pipeline servitude over the estate of the defendants/appellees, Rosalyn Avilia; Brenda Roy; Linda Johnson; Brian Jackson, on behalf of his minor children, Beyonce Jackson, Bryson Simon, and DeWayne Jackson; Natalie Lee-Walker; Kayla Lee; Enid Landry; Deidra Battle; Bradford Lee; Marie Merlin Price; Murphy Price, Jr.; the unknown heirs of Verna Francois Rivers; the unknown heirs of Dorothy Francois George Washington; Darlene Washington; and Gregory Sam. For the reasons that follow, we affirm as amended.

## FACTS AND PROCEDURAL HISTORY

Enterprise sought expropriation of a thirty-foot-wide servitude over the appellees' property, which was described as 161.00 acres in the Southeast Quarter (SE/4) of Section 32, Township 9 South, Range 7 East in St. Martin Parish. Appellees were not represented by counsel. This servitude parallels an existing pipeline servitude already on appellees' land. Several absentee defendants, the unknown heirs of Verna Francois Rivers, the unknown heirs of Dorothy Francois George Washington, Darlene Washington, and Gregory Sam, were represented by appointed counsel. The trial court heard evidence at trial, awarded Enterprise a servitude over the appellees' land, and found that the total value of the servitude awarded was $1,300.00; however, it awarded each appellee an amount in compensation of between $150.00 and $300.00, despite their ownership interests totaling 1.1983418%. Each of the absentee owners of the property was awarded $150.00. Further, the trial court awarded the servitude for a term of ninety-nine years.

Enterprise has appealed the judgment and assigns two errors:

1. In an expropriation Judgment, the Court erroneously imposed a term on the servitude, thereby erroneously imposing a conventional or contractual servitude rather than a legal servitude as required by law.

2. The Court's compensation award is contrary to the Court's findings in the Judgment and has no basis in the record.

## ANALYSIS

Whether a trial court may award a pipeline servitude for a definite term appears to pose a novel question in Louisiana law. We have found no cases that address this issue.

Louisiana law grants authority to expropriate property to companies engaged in the piping and marketing of natural gas, among other commodities. La.R.S. 19:2. The servitude awarded in such cases is properly classified a right of use, which is a personal servitude. *See* La.Civ.Code art. 639.[1] *See also* La.Civ.Code art. 645, comment (b). Right of use is governed by the rules governing usufructs and predial servitudes. La.Civ.Code art. 645.

Predial servitudes are either natural, legal, or conventional in nature. La.Civ.Code art. 654. Natural servitudes are those that "arise from the natural situation of the estates[.]" *Id.* "Legal servitudes are limitations on ownership established by law for the benefit of the general public or for the benefit of particular persons." La.Civ.Code art. 659. Conventional servitudes are established by contract, prescription, or by destination. La.Civ.Code art. 654. Examples of natural servitudes are servitudes of natural drainage and those encumbering estates through which water runs. *See* La.Civ.Code arts 655 et seq. By process of

---

[1] "The personal servitude of right of use confers in favor of a person a specified use of an estate less than full enjoyment."

2

elimination, it becomes clear that this pipeline servitude is neither a natural servitude nor a conventional servitude; thus, it is a legal servitude, as it was established by operation of law.

Legal predial servitudes are extinguished only by certain acts or events, such as the destruction of the dominant or servient estate, if the things necessary for its use have undergone such a change that the servitude can no longer be used, if the servitude is not used for ten years, or when the owner of one estate acquires the other. *See* La.Civ.Code arts. 751, 753, and 765. These articles indicate that a right of use such as a pipeline servitude is a permanent servitude.

We also note that, while no cases address the issue before us, there are a plethora of cases that award "permanent" servitudes; we found none that award a servitude limited by term. *See, e.g., Louisiana Resources Co. v. Greene*, 406 So.2d 1360 (La.App. 3 Cir.1981), *writ denied*, 412 So.2d 84 (1982); *Exxon Pipeline Co. v. LeBlanc*, 99-1437 (La.App. 1 Cir. 6/23/00), 763 So.2d 128, *writ denied*, 00-2556 (La. 11/27/00), 775 So.2d 448; *ExxonMobil Pipeline Co. v. Union Pac. R. Co.*, 09-1629 (La. 3/16/10), 35 So.3d 192. We conclude, therefore, that the trial court erred in fixing a term to the servitude.

We next turn our attention to Enterprise's contention that the compensation award was in error. The trial court's factual findings in an expropriation proceeding are not disturbed except when manifestly erroneous. *State, through Dep't of Transp. and Dev. v. Wahlder*, 94-761 (La.App. 3 Cir. 12/7/94), 647 So.2d 481. Louisiana Revised Statutes 19:9 fixes the compensation to be paid by an expropriating authority:

> A. In determining the value of the property to be expropriated, and any damages caused to the defendant by the expropriation, the basis of compensation shall be the value which the property possessed

3

before the contemplated improvement was proposed, without deducting therefrom any general or specific benefits derived by the owner from the contemplated improvement or work.

B. The defendant shall be compensated to the full extent of his loss. The court shall include in its consideration the difference between the rate of interest of any existing mortgage on an owner-occupied residence and the prevailing rate of interest required to obtain a mortgage on another owner-occupied residence of equal value.

The statute allows recovery for not only the value of the expropriated property, but also for damages caused by the expropriation. The basis for that compensation is the value the property possessed before the taking, without deducting the general or specific benefits from the proposed improvements or work.

In establishing the value of the servitude, Enterprise offered the expert testimony of Mr. Michael W. Truax, Jr. Mr. Truax is a Certified Real Estate Appraiser who viewed but did not enter the property. He also examined aerial photographs of the property. Mr. Truax determined that the highest and best use of the property was "general speculation," perhaps timber production, and recreational uses such as hunting and trapping. He then identified comparable sales in the area, which ranged from between $1,009.00 per acre to $2,435.00 per acre, with a median of $1,406.00 to $1,500.00 per acre. He opined from those figures that the value of the 160.00 acres was $1,200.00 per acre. The permanent servitude is situated upon .93 acres. Mr. Truax opined that the value of the servitude was ninety-five percent of the value of the .93 acres, or $1,060.00. He opined that Enterprise needed a temporary servitude fifty feet wide, which would last only a year, which he valued at another $250.00, for a total taking of $1,300.00.[2]

_____

[2] The judgment makes no reference to this temporary servitude.

4

Nonetheless, the trial court was impressed by the impact that a taking such as this would have upon the ancestors of an African-American landowner who acquired the property at a time when ownership by a person of color was rare. Although the trial court did not state explicitly in its reasons that the compensation awarded the appellees was based upon this consideration, such is implicit in the ruling.

Louisiana Civil Code Article 9 states, "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." Louisiana Revised Statutes 19:9 allows compensation for any damages caused by the expropriation. "In an expropriation proceeding, a trial judge's factual determinations as to value of property and entitlement to any other types of damages will not be disturbed on review in the absence of manifest error." *W. Jefferson Levee Dist. v. Coast Quality Const. Corp.*, 640 So.2d 1258, 1277 (La.1994).

The manifest error standard requires that the appellate court apply a two-part test to reverse a trial court's findings:

1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and

2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).

*Stobart v. State through Dep't of Transp. & Dev.*, 617 So. 2d 880, 882 (La.1993).

The Appellees' arguments and testimonies all surrounded the fundamental unfairness of the expropriation process itself. They simply do not like it that the law allows a servitude to be expropriated. That frustration is almost certainly

5

common to every defendant in an expropriation proceeding, and is not contemplated as the type of damages a trial court may award in such a proceeding. *See Louisiana Resources Co. v. Noel*, 499 So.2d 1016 (La.App. 3 Cir.1986). We are forced to conclude that the award to the Appellees is manifestly erroneous, and amend the judgment to award compensation as follows:

| DEFENDANT | OWNERSHIP | COMPENSATION |
|---|---|---|
| Natalie Lee-Walker | 0.02534 percent | $0.33 |
| Marie Merlin Price | 0.402036 percent | $5.23 |
| Murphy Price, Jr. | 0.402036 percent | $5.23 |
| Rosalyn Avila | 0.1020408 percent | $1.33 |
| Brenda Roy | 0.03924 percent | $0.51 |
| Linda Johnson | 0.05827 percent | $0.76 |
| Brian Jackson | 0.067854 percent | $0.88 |
| Kayla Lee | 0.025373 percent | $0.33 |
| Enid Landry | 0.025373 percent | $0.33 |
| Deidra Batte | 0.025373 percent | $0.33 |
| Bradford Lee | 0.025373 percent | $0.33 |

**CONCLUSION**

Pipeline servitudes are subject to the rules that govern predial servitudes. Those rules mandate that as a legal servitude, a pipeline servitude acquired through expropriation is not subject to a term. Accordingly, the trial court erred as a matter of law when it fixed a ninety-nine-year term to the servitude acquired by Enterprise. While La.R.S. 19:9 allows the recovery of damages as a consequence of the expropriation, those damages must be proven in an expropriation as in any other

6

proceeding. Here, the Appellees failed to prove their entitlement to damages. All costs of this appeal are taxed to plaintiff/appellant, Enterprise TE Products Pipeline Company, LLC.

**AFFIRMED AS AMENDED.**